**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| RODOLFO PEREZ | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. |
| | § | |
| MEGAN BRENNAN, Postmaster General of the United States, U.S. Postal Services, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW the Plaintiff, RUDOLFO PEREZ (hereinafter sometimes referred to as either "Cox or "Plaintiff), by and through her attorney of record, Rebecca L. Fisher, and files this Original Complaint pursuant to Federal Rule of Civil Procedure 15(a), which complains of Defendant, Megan Brennan, postmaster General, United States Postal Service (hereinafter sometimes referred to as "USPS" "Defendant") and for cause of action would show unto the Court the following:

**I. JURISDICTION AND VENUE**

1. This action is brought to recover damages and to redress deprivations of rights secured to Plaintiff under Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000(E) et seq., for discrimination based on race/national origin hostile environment and retaliation.

2. The jurisdiction of the Court over this controversy is based upon statutory authority granted to this Court pursuant to Section 717 of Title VII of the Civil Rights Act of 1964, as amended.

3. Injunctive relief and declaratory relief, damages, and other appropriate legal and equitable relief are sought.

4. Plaintiff has fully complied with the prerequisites to jurisdiction of this court. Plaintiff received his Right to Sue Notice regarding his discrimination and retaliation claims pursuant to Title VII and now files and seeks relief and seeks relief thereunder within ninety (90)days of receipt of said notice.

5. Plaintiff has fully complied with the prerequisites to jurisdiction of this court.

6. Venue is proper in this Court as the Defendant maintains offices throughout this District and Division. Title VII grants to the Plaintiff the right to file in any court within the District where the acts of discrimination occurred.

## II. PARTIES

7. Plaintiff is an individual residing in the Southern District of Texas and at all times relevant hereto was an employee and/or person to whom such laws provide protection.

8. Defendant, MEGAN BRENNAN, is the Postmaster General of the United States Postal Service, which maintains postal service facilities throughout the Eastern District of Texas.

## III. GENERAL ALLEGATIONS

9. Plaintiff was employed by the United States Postal Service as a City Letter Carrier assigned at the Brownsville Post Office. Plaintiff started his employment with the Defendant on September 8, 1982. Plaintiff is Hispanic of Mexican American heritage.

10. Prior to Jeffrey Jenkins becoming the postmaster of the Brownsville post office in the fall of 2007, the Plaintiff had a discipline free record. Postmaster Jenkins created a hostile environment for Hispanics/Mexican Americans. Jenkins had called the Hispanic/Mexican American employees "lazy". Due to the hostile environment and harassment, the Plaintiff

engaged in protected activity by filing EEO complaints of discrimination and as being a witness in the EEO process, whereby the Plaintiff suffered sustained retaliation.

11. The Plaintiff was given a notice with a subpoena *duces tecum* from the U. S. Attorney's office whereby he was to appear to give testimony on September 20, 2012, in the case of *Daniel G. Lopez v. Patrick R. Donahoe, Postmaster General, United States Postal Service,* Civil Action No. 1:11-cv-00189. The Plaintiff did appear and gave testimony regarding his knowledge of postmaster Jenkins' ongoing race discrimination and retaliation. At that time, Plaintiff also was currently engaged in his own EEO complaint of discrimination and retaliation in the EEOC administrative process wherein he had identified postmaster Jenkins as a discriminator and retaliator.

12. On December 26, 2012, one day after the Christmas holiday, the Plaintiff was ordered off the workroom floor and ordered to go home. Management alleged that Plaintiff was impaired and accused him of coming to work drunk, but then allowed the Plaintiff to drive himself home. Plaintiff was not impaired and was not drunk. This was ongoing harassment and retaliation.

13. Plaintiff was then subjected to a Pre-Disciplinary Interview on December 28, 2012. Plaintiff was entitled to a representative during his pre-disciplinary interview according to postal regulations and labor law. Plaintiff requested a representative, but postmaster Jenkins refused to allow him to have a representative present.

14. Then on January 22, 2013, Plaintiff was issued a Letter of Warning (LOW). The Defendant cited Unacceptable Attendance. Plaintiff had been off for less than three days due to illness. By postal policy, an absence of less than three days does not require any documentation. Nevertheless, Plaintiff provided management with medical documentation regarding his absence.

Medical documentation that in the past had always been acceptable and remained acceptable for employees who had not engaged in protected activity, but now it was not acceptable and Plaintiff received a LOW.

15. The Defendant has a policy for progressive discipline. Now the Defendant issued a Seven (7) Day Suspension on January 24, 2013, asserting that Plaintiff was impaired on December 26, 2012, although management allowed Plaintiff to drive himself home unattended. Postmaster Jenkins never made arrangements for Plaintiff to get home or to be tested to determine if Plaintiff was impaired. Due to the ongoing harassment and retaliation, Plaintiff was suffering physical ailments. No one was stopping postmaster Jenkins, who continued to subject Plaintiff with unwarranted discipline. At this time, Plaintiff had discipline because he had to take off on medical due to the harassment. Plaintiff was constructively discharged effective February 1, 2013.

## IV. CAUSE OF ACTION-TITLE VII RACE/NATIONAL ORIGIN DISCRIMINATION (HOSTILE ENVIRONMENT)

16. Plaintiff incorporates paragraphs 1 through 16 as if restated in length.

17. Defendant discriminated against the Plaintiff due to his race/national origin. The Defendant's actions were severe and pervasive enough to alter the terms and conditions of employment. The foregoing pervasive practices and conduct of Defendant as set forth above, constitutes race/national origin discrimination towards Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. As the result of Defendant's direct conduct as set forth above, Plaintiff suffered compensatory damages for which he seeks redress.

19. Defendant's conduct has resulted in Plaintiff suffering non-economic damages in the form of mental anguish and other compensatory damages due to the discrimination to be determined at trial.

20. Defendant's conduct toward Plaintiff was intentional and willful and of the nature for which Plaintiff is entitled to recover compensatory damages in an amount to be determined at trial.

21. Plaintiff is also entitled to recover his reasonable and necessary attorney's fees and expert fees and the costs of this action in an amount to be determined at trial.

## V. CAUSE OF ACTION - RETALIATION

22. Plaintiff incorporates paragraphs 1 through 16 as if restated at length.

23. Defendant retaliated against the Plaintiff when he opposed the ongoing race discrimination and participated in protected activity. The foregoing unlawful retaliation against the Plaintiff is in violation of Title VII of the Civil Rights Act of 1964, as amended.

24. As the result of Defendant's direct conduct as set forth above, Plaintiff suffered economic damages in the form of lost wages and benefits, as well as compensatory damages for which the Plaintiff now seeks redress.

25. Defendant's conduct has resulted in Plaintiff suffering non-economic damages in the form of mental anguish and other compensatory damages due to the discrimination to be determined at trial.

26. Defendant's conduct toward Plaintiff was intentional and willful and of the nature for which Plaintiff is entitled to recover compensatory damages in an amount to be determined at trial.

27. Plaintiff is also entitled to recover his reasonable and necessary attorney's fees and expert fees and the costs of this action in an amount to be determined at trial.

## VI. JURY DEMAND

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons Plaintiff respectfully requests that this Court enter judgment against the Defendant as follows:

(a) That this Court award Plaintiff his economic losses in the form of back pay and benefits in an amount to be determined at trial;

(b) That this Court award Plaintiff his non-economic damages in the form of mental anguish in an amount to be determined at trial;

(c) That this Court award Plaintiff compensatory and equitable damages for Defendant's illegal conduct in an amount to be determined at trial;

(d) That this Court award Plaintiff his reasonable and necessary attorney's and expert fees and the costs of this action in an amount to be determined at trial;

(e) That this Court declare that the actions of Defendant complained of herein are illegal and this Court issue Declaratory Relief to Plaintiff to the fullest extent of the law;

(f) That this Court issue permanent injunctive relief to Plaintiff enjoining and restraining the Defendant from engaging in further discriminatory and retaliatory conduct; and

(g) That this Court award Plaintiff any other and further relief as he may be justly entitled to receive.

Respectfully submitted,

*/s/Rebecca L. Fisher*

Rebecca L. Fisher SBN 00790687

P.O. Box 781369
San Antonio, Texas 78278
Phone (210) 988-2977
Facsimile (210) 988-2907
E-Mail: rebeccafisherlaw@gmail.com
ATTORNEY FOR THE PLAINTIFF